Jeffery A. Garofalo (NV Bar No. 7345)
E-mail: jeff.garofalo@procopio.com
S. Todd Neal (CA Bar No. 174827 – *Pro Hac Vice*)
E-mail: todd.neal@procopio.com
Eric A. Plourde (CA Bar No. 320451 - *Pro Hac Vice*)
E-mail: eric.plourde@procopio.com
**PROCOPIO, CORY, HARGREAVES & SAVITCH LLP**
10000 W. Charleston Boulevard, Suite 140
Las Vegas, NV 89135
Telephone: 702.216.2684

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID FRANCIS, derivatively on behalf of CV SCIENCES, Inc. formerly known as, CANNAVEST CORP.,

Plaintiff,

v.

MICHAEL MONA JR., MICHAEL MONA III, JOSEPH D. DOWLING, BART P. MACKAY, LARRY RASKIN, JAMES MCNULTY, GARY SLIGAR, STEPHEN M. SCHMITZ and EDWARD A. WILSON,

Defendants,

and

CV SCIENCES, INC., formerly known as, CANNAVEST CORP.,

Nominal Defendant.

Case No. 2:18-cv-02284-GMN-NJK

**STIPULATION AND [PROPOSED] ORDER CONCERNING A STAY OF THE ACTION**

Judge: Hon. Gloria M. Navarro

Complaint Filed: November 30, 2018
Trial Date: Not Set

WHEREAS Plaintiff David Francis ("Plaintiff") brought the above-captioned action (the "Action") derivatively and on behalf of CV Sciences, Inc. formerly known as CannaVEST Corp. ("CV Sciences" or the "Company"), alleging violations breaches of fiduciary duty against certain of the Company's current and former officers and directors (collectively with CV Sciences,

"Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties");

WHEREAS, a related putative class action case entitled *In re CV Sciences*, *Inc.*, *Securities Litigation*, Case No. 2:18-cv-01602-JAD-PAL is pending in the United States District Court, District of Nevada (the "Nevada Securities Action");

WHEREAS, a related putative class action case entitled *In re CannaVEST Corp. Securities Litigation*, Case No. 14-cv-02900 was previously pending in the United States District Court, Southern District of New York (the "New York Securities Action"). The Nevada Securities Action and the New York Securities Action shall be collectively referred to herein as the "Federal Securities Actions;"

WHEREAS, on February 19, 2019, the Parties filed a Stipulation Concerning a Stay of the Action, which proposed to conditionally stay the Action until the close of fact discovery in the Nevada Securities Action or the New York Securities Action. ECF No. 16.

WHEREAS, the parties in the New York Securities Action filed a stipulation of voluntary dismissal, which was so ordered on July 2, 2019;

WHEREAS, the fact discovery period in the Nevada Securities Action was extended to May 24, 2021, after which the Parties previously agreed to a stay of this Action until August 11, 2021;

WHEREAS, the fact discovery period in the Nevada Securities Action was recently extended and will conclude 90 days after the court in the Federal Securities Action rules on a pending motion to compel in that proceeding;

WHEREAS, the date of the close of fact discovery in the Federal Securities Action remains ambiguous, and the Parties do not wish at this time to extend the stay in this Action indefinitely;

WHEREAS, the Parties agree that the most efficient and effective approach at this time is to stipulate to an additional extension of the stay for a period of approximately 6-7 additional weeks rather than extend the stay to the close of fact discovery in the Federal Securities Action;

WHEREAS, the Parties have met and conferred concerning the most efficient manner in which to proceed with this Action brought on behalf of CV Sciences;

WHEREAS, the Parties anticipate the possibility of holdings settlement discussions and intend to use the additional time to explore such possibility further, including the furnishing of certain

information which the Parties have agreed to exchange by the end of the stay requested herein; and

WHEREAS, the Parties agree that the interests of efficient and effective case management would best be served by (1) staying the Action until October 8, 2021, and (2) sharing all discovery generated in the Nevada Securities Action with Plaintiff in the Action, absent any documents marked confidential by the parties in the Federal Securities Actions;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by Plaintiff and Defendants, through their undersigned counsel of record and subject to the approval of the Court, as follows:

1. All proceedings in this Action and any related derivative actions in this Court shall be stayed until October 8, 2021, the date that the stay will be over, but any of the Parties to this Stipulation can request that the Court lift the voluntary stay upon good cause shown by giving the other party a ten (10) day notice that they believe that good cause exists to lift the voluntary stay of the Action and thereafter bringing the matter to the Court's attention and requesting that the stay of the Action be lifted.

2. Within thirty (30) days after October 8, the date the stay will be over, the Parties in this Action will meet and confer in good faith to determine a schedule for the Action going forward, and will submit a proposed scheduling stipulation for this Court's review and approval, which shall include a deadline for Defendants to respond to Plaintiff's operative complaint.

3. Defendants shall make available to Plaintiff, subject to the entry of an appropriate protective order and the other provisions of this Stipulation: (i) copies of all documents and written responses to discovery requests that were or are produced to the plaintiffs in each of the Federal Securities Actions in the form and manner in which such documents were or are produced to the plaintiffs in the Federal Securities Actions; (ii) all written agreements regarding the scope of discovery that was produced or to be produced by defendants in each of the Federal Securities Actions; and (iii) all deposition transcripts that were or are generated in each of the Federal Securities Actions. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery. Defendants will provide the materials set forth herein to Plaintiff within ten (10) business days of providing them to the respective plaintiffs in the Federal Securities Actions in

the case of (i) and (ii), and within ten (10) business days of receiving the final transcript in the case of (iii).

4. Plaintiff agrees that, prior to a finding at the pleading stage that Plaintiff has adequately alleged demand futility, documents and information obtained pursuant to paragraph 3 of this Stipulation shall not be used to supplement Plaintiff's allegations of demand futility absent an order of the Court permitting such use. Plaintiff agrees not to use the existence of paragraph 3 of this Stipulation, the substance of any documents or discovery produced pursuant to paragraph 3 of this Stipulation, and/or any documents or information obtained or developed as a result of any documents or discovery produced pursuant to paragraph 3 of this Stipulation as support for any argument that Plaintiff is otherwise entitled to use the documents to supplement allegations of demand futility.

5. Notwithstanding the stipulated stay, Plaintiff shall be permitted to file an amended complaint during the pendency of the stay, subject to the provisions in paragraph 4 above. Defendants shall be under no obligation to respond to any complaint while the stay is in effect.

6. If Defendants engage in mediation in the Nevada Securities Action, Defendants agree to provide Plaintiff with reasonable advance notice of the mediation and shall invite Plaintiff to participate in the mediation subject to the consent of the plaintiffs in the Nevada Securities Action. In the event that such consent is not obtained, Defendants will mediate with Plaintiff separately at or about the same time.

7. If Defendants engage in any settlement conferences or mediations in any shareholder derivative actions initiated on behalf of CV Sciences based on any of the same or similar set of facts as those alleged in this Action, including, but not limited to, *Ruth v. Mona, Jr., et al.*, Case No. 2:15-cv-00481-RFB-VCB, pending in the United States District Court, District of Nevada as well as *Depoti v. Dowling, et al.*, Case No. A-18-782513-C, pending in the District Court, Clark County Nevada, *Radcliffe v. Dowling, et al.*, Case No. A-19-794377-B, pending in the District Court, Clark County Nevada, *Tarangelo v. Dowling, et al.*, Case No. A-19-789153-B, pending in the District Court, Clark County Nevada, *Menna v. Dowling, et al.*, Case No. 202100019613 pending in California Superior Court, San Diego Division, *Berry v. Dowling, et al.*, Case No. 3:20-cv-01072-AJB-DEB, pending in the United States District Court for the Southern District of California

("Related Derivative Actions"), Defendants agree to provide Plaintiff with reasonable advance notice of such settlement conferences or mediations and shall invite Plaintiff to participate in such settlement conferences or mediations.

8. If Defendants provide or provided documents to the plaintiffs in either or both of the Federal Securities Actions in connection with a mediation or settlement discussions, Defendants agree to promptly provide the same documents to Plaintiff in this Action on the same terms they are provided to the plaintiffs in the Federal Securities Actions, subject to the provisions of paragraph 4 above.

9. Counsel for Defendants will promptly notify Plaintiff's counsel if any Defendants are served or were served with any other Related Derivative Actions, and Plaintiff's counsel shall notify Defendants' counsel in the event Plaintiff's counsel becomes aware of any other Related Derivative Actions.

10. In the event that any Related Derivative Action is not stayed while this case is stayed or in the event that any of the parties to any Related Derivative Action execute an agreement pertaining to the settlement of that Related Derivative Action without the Parties to this Action also executing an agreement pertaining to the settlement of this Action, then Plaintiff may lift the stay upon providing fifteen (15) days' notice via email to Defendants' counsel.

11. In the event that any documents are or were produced to any other CV Sciences shareholder who has filed a shareholder derivative action on behalf of CV Sciences, or demanded the inspection of books and records of CV Sciences, based on any of the same or similar set of facts as those alleged in this Action, Defendants agree to promptly produce those documents to Plaintiff.

12. The provision of discovery materials pursuant to this Stipulation will not constitute a waiver of, or in any way limit, Defendants' right to file a motion to dismiss, or other appropriate challenge, arguing that Plaintiff fails to adequately plead demand futility or make a pre-suit demand, or Defendants' right to argue that Plaintiff is not entitled to conduct formal discovery prior to establishing that he has have adequately alleged standing.

13. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein, including the right to pursue and/or oppose formal discovery and/or file any motion

any party deems appropriate once this case is no longer temporarily stayed.

**IT IS SO STIPULATED.**

**LEVERTY & ASSOCIATES LAW CHTD.**

*/s/ Patrick R. Leverty, Esq.*

Patrick R. Leverty (Nev. Bar 8840)
Reno Gould House
832 Willow Street
Reno, NV 89502
Telephone: 775.322.6636
Facsimile: 775.322.3953
pat@levertylaw.com

and

**THE BROWN LAW FIRM, P.C.**
Timothy Brown (Pro Hac Vice)
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: 516.922.5427
Facsimile: 516.344.6204
tbrown@thebrownlawfirm.net

*Counsel for Plaintiff*

**PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP**

*/s/ Jeffery A. Garofalo, Esq.*

JEFFERY A. GAROFALO (NV Bar No. 7345)
S. TODD NEAL (Pro Hac Vice)
ERIC A. PLOURDE (Pro Hac Vice)
10000 W. Charleston Boulevard, Suite 140
Las Vegas, NV 89135
Telephone: 702.216.2684
Facsimile: 619.788.5500
Las Vegas, NV 89169

*Attorneys for Defendants,*
CV SCIENCES, INC., MICHAEL MONA JR., MICHAEL MONA III, JOSEPH D. DOWLING, JAMES MCNULTY, GARY SLIGAR, STEPHEN M. SCHMITZ, EDWARD A WILSON, BART P MACKAY, and LARRY RASKIN

**PURSUANT TO THE PARTIES' STIPULATION, IT IS HEREBY ORDERED THAT:**

1. All proceedings in this Action and any related derivative actions in this Court shall be stayed until October 8, 2021, the date that the stay will be over, but any of the Parties to this Stipulation can request that the Court lift the voluntary stay upon good cause shown by giving the other party a ten (10) day notice that they believe that good cause exists to lift the voluntary stay of the Action and thereafter bringing the matter to the Court's attention and requesting that the stay of the Action be lifted.

2. Within thirty (30) days after October 8, 2021, the date that the stay will be over, the Parties in this Action will meet and confer in good faith to determine a schedule for the Action going forward, and will submit a proposed scheduling stipulation for this Court's review and approval, which shall include a deadline for Defendants to respond to Plaintiff's operative complaint.

3. Defendants shall make available to Plaintiff, subject to the entry of an appropriate protective order and the other provisions of this Stipulation: (i) copies of all documents and written responses to discovery requests that were or are produced to the plaintiffs in each of the Federal Securities Actions in the form and manner in which such documents were or are produced to the plaintiffs in the Federal Securities Actions; (ii) all written agreements regarding the scope of discovery that was produced or to be produced by defendants in each of the Federal Securities Actions; and (iii) all deposition transcripts that was or is generated in each of the Federal Securities Actions. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery. Defendants will provide the materials set forth herein to Plaintiff within ten (10) business days of providing them to the respective plaintiffs in the Federal Securities Actions in the case of (i) and (ii), and within ten (10) business days of receiving the final transcript in the case of (iii).

4. Plaintiff agrees that, prior to a finding at the pleading stage that Plaintiff has adequately alleged demand futility, documents and information obtained pursuant to paragraph 3 of this Stipulation shall not be used to supplement Plaintiff's allegations of demand futility absent an order of the Court permitting such use. Plaintiff agrees not to use the existence of paragraph 3 of this Stipulation, the substance of any documents or discovery produced pursuant to paragraph 3 of this

Stipulation, and/or any documents or information obtained or developed as a result of any documents or discovery produced pursuant to paragraph 3 of this Stipulation as support for any argument that Plaintiff is otherwise entitled to use the documents to supplement allegations of demand futility.

5. Notwithstanding the stipulated stay, Plaintiff shall be permitted to file an amended complaint during the pendency of the stay, subject to the provisions in paragraph 4 above. Defendants shall be under no obligation to respond to any complaint while the stay is in effect.

6. If Defendants engage in mediation in the Nevada Securities Action, Defendants agree to provide Plaintiff with reasonable advance notice of the mediation and shall invite Plaintiff to participate in the mediation subject to the consent of the plaintiffs in the Nevada Securities Action. In the event that such consent is not obtained, Defendants will mediate with Plaintiff separately at or about the same time.

7. If Defendants engage in any settlement conferences or mediations in any shareholder derivative actions initiated on behalf of CV Sciences based on any of the same or similar set of facts as those alleged in this Action, including, but not limited to, *Ruth v. Mona, Jr., et al.*, Case No. 2:15-cv-00481-RFB-VCB, pending in the United States District Court, District of Nevada as well as *Depoti v. Dowling, et al.*, Case No. A-18-782513-C, pending in the District Court, Clark County Nevada, *Radcliffe v. Dowling, et al.*, Case No. A-19-794377-B, pending in the District Court, Clark County Nevada, *Tarangelo v. Dowling, et al.*, Case No. A-19-789153-B, pending in the District Court, Clark County Nevada, *Menna v. Dowling, et al.*, Case No. 202100019613 pending in California Superior Court, San Diego Division, *Berry v. Dowling, et al.*, Case No. 3:20-cv-01072-AJB-DEB, pending in the United States District Court for the Southern District of California ("Related Derivative Actions"), Defendants agree to provide Plaintiff with reasonable advance notice of such settlement conferences or mediations and shall invite Plaintiff to participate in such settlement conferences or mediations.

8. If Defendants provide or provided documents to the plaintiffs in either or both of the Federal Securities Actions in connection with a mediation or settlement discussions, Defendants agree to promptly provide the same documents to Plaintiff in this Action on the same terms they are provided to the plaintiffs in the Federal Securities Actions, subject to the provisions of paragraph 4

above.

9. Counsel for Defendants will promptly notify Plaintiff's counsel if any Defendants are served or were served with any other Related Derivative Actions, and Plaintiff's counsel shall notify Defendants' counsel in the event Plaintiff's counsel becomes aware of any other Related Derivative Actions.

10. In the event that any Related Derivative Action is not stayed while this case is stayed or in the event that any of the parties to any Related Derivative Action execute an agreement pertaining to the settlement of that Related Derivative Action without the Parties to this Action also executing an agreement pertaining to the settlement of this Action, then Plaintiff may lift the stay upon providing fifteen (15) days' notice via email to Defendants' counsel.

11. In the event that any documents are or were produced to any other CV Sciences shareholder who has filed a shareholder derivative action on behalf of CV Sciences, or demanded the inspection of books and records of CV Sciences, based on any of the same or similar set of facts as those alleged in this Action, Defendants agree to promptly produce those documents to Plaintiff.

12. The provision of discovery materials pursuant to this Stipulation will not constitute a waiver of, or in any way limit, Defendants' right to file a motion to dismiss, or other appropriate challenge, arguing that Plaintiff fails to adequately plead demand futility or make a pre-suit demand, or Defendants' right to argue that Plaintiff is not entitled to conduct formal discovery prior to establishing that he has have adequately alleged standing.

13. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein, including the right to pursue and/or oppose formal discovery and/or file any motion any party deems appropriate once this case is no longer temporarily stayed.

**IT IS SO ORDERED.**

Dated this 23 day of August, 2021.

______________________________
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT