1  Jeffery A. Garofalo (NV Bar No. 7345)
   E-mail: jeff.garofalo@procopio.com
2  S. Todd Neal (CA Bar No. 174827 – *Pro Hac Vice*)
   E-mail: todd.neal@procopio.com
3  Eric A. Plourde (CA Bar No. 320451 - *Pro Hac Vice*)
   E-mail: eric.plourde@procopio.com
4
5  **PROCOPIO, CORY, HARGREAVES**
          **& SAVITCH LLP**
6  10000 W. Charleston Boulevard, Suite 140
   Las Vegas, NV 89135
7  Telephone: 702.216.2684

8  *Attorneys for Defendants,*
   CV SCIENCES, INC., MICHAEL MONA JR., MICHAEL
9  MONA III, JOSEPH D. DOWLING, JAMES MCNULTY,
   GARY SLIGAR, STEPHEN M. SCHMITZ, EDWARD A
10 WILSON, BART P MACKAY, and LARRY RASKIN

11                    **UNITED STATES DISTRICT COURT**

12                         **DISTRICT OF NEVADA**

13

14 | DAVID FRANCIS, derivatively on behalf of CV | Case No. 2:18-cv-02284-GMN-NJK |
   SCIENCES, Inc. formerly known as, | Judge:    Hon. Gloria M. Navarro |
15 CANNAVEST CORP.,

16            Plaintiff,

17 v.                                            | **STIPULATION AND [PROPOSED]**
                                                   **ORDER CONCERNING A STAY OF**
   MICHAEL MONA JR., MICHAEL MONA III,         | **THE ACTION**
18 JOSEPH D. DOWLING, BART P. MACKAY,
   LARRY RASKIN, JAMES MCNULTY, GARY
19 SLIGAR, STEPHEN M. SCHMITZ and              | Complaint Filed:   November 30, 2018
   EDWARD A. WILSON,                           | Trial Date:        Not Set
20
21            Defendants,

22 and

23 CV SCIENCES, INC., formerly known as,
   CANNAVEST CORP.,
24
            Nominal Defendant.
25

26 ///

27 ///

28 ///

                                            1

WHEREAS Plaintiff David Francis ("Plaintiff") brought the above-captioned action (the "Action") derivatively and on behalf of CV Sciences, Inc. formerly known as CannaVEST Corp. ("CV Sciences" or the "Company"), alleging breaches of fiduciary duty against certain of the Company's current and former officers and directors (collectively with CV Sciences, "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties");

WHEREAS, a related putative class action case entitled *In re CV Sciences, Inc., Securities Litigation*, Case No. 2:18-cv-01602-JAD-PAL is pending in the United States District Court, District of Nevada (the "Nevada Securities Action");

WHEREAS, a related putative class action case entitled *In re CannaVEST Corp. Securities Litigation*, Case No. 14-cv-02900 was previously pending in the United States District Court, Southern District of New York (the "New York Securities Action"). The Nevada Securities Action and the New York Securities Action shall be collectively referred to herein as the "Federal Securities Actions;"

WHEREAS, on February 19, 2019, the Parties filed a Stipulation Concerning a Stay of the Action, which proposed to conditionally stay the Action until the close of fact discovery in the Nevada Securities Action or the New York Securities Action (ECF No. 16);

WHEREAS, the parties in the New York Securities Action filed a stipulation of voluntary dismissal, which was so ordered on July 2, 2019;

WHEREAS, the fact discovery period in the Nevada Securities Action was extended to May 24, 2021, after which the Parties previously agreed to a stay of this Action until August 11, 2021;

WHEREAS, the Parties later stipulated that the interests of efficient and effective case management would best be served by extending the stay in the Action until October 8, 2021, to permit the Parties to continue settlement discussions, and on August 18, 2021, the Court entered such stipulation (ECF 52);

WHEREAS, the Parties submitted a stipulation agreeing to extend the stay in this Action until November 1, 2021, as the Parties anticipated the possibility of holding settlement discussion and intended to use the additional time to explore such possibility further, which the Court entered (ECF 55);

WHEREAS, the parties in the Nevada Securities Action engaged in a mediation and have reached a settlement in principle;

WHEREAS, the Parties in this action expect that the settlement of the Nevada Securities Action may assist the parties in this Action in reaching a resolution;

WHEREAS, Plaintiff transmitted a settlement proposal on July 22, 2020, Defendants transmitted a settlement proposal on December 21, 2021, Plaintiff transmitted a response to same on January 13, 2022, and the Parties remain engaged in discussions regarding potential resolution of this Action;

WHEREAS, the Parties agree that the interests of efficient and effective case management would best be served by extending the stay in this Action to allow the parties additional time to further explore the possibility of settlement of this Action;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by Plaintiff and Defendants, through their undersigned counsel of record and subject to the approval of the Court, as follows:

1.    All proceedings in this Action and any related derivative actions in this Court shall be stayed until March 3, 2022, the date that the stay will be over, but any of the Parties to this Stipulation can request that the Court lift the voluntary stay upon good cause shown by giving the other party a ten (10) day notice that they believe that good cause exists to lift the voluntary stay of the Action and thereafter bringing the matter to the Court's attention and requesting that the stay of the Action be lifted.

2.    Within thirty (30) days after March 3, 2022, the date the stay will be over, the Parties in this Action will meet and confer in good faith to determine a schedule for the Action going forward, and will submit a proposed scheduling stipulation for this Court's review and approval, which shall include a deadline for Defendants to respond to Plaintiff's operative complaint.

3.    Defendants shall make available to Plaintiff, subject to the entry of an appropriate protective order and the other provisions of this Stipulation: (i) copies of all documents and written responses to discovery requests that were or are produced to the plaintiffs in each of the Federal Securities Actions in the form and manner in which such documents were or are produced to the

plaintiffs in the Federal Securities Actions; (ii) all written agreements regarding the scope of discovery that was produced or to be produced by defendants in each of the Federal Securities Actions; and (iii) all deposition transcripts that were or are generated in each of the Federal Securities Actions. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery. Defendants will provide the materials set forth herein to Plaintiff within ten (10) business days of providing them to the respective plaintiffs in the Federal Securities Actions in the case of (i) and (ii), and within ten (10) business days of receiving the final transcript in the case of (iii).

4. Plaintiff agrees that, prior to a finding at the pleading stage that Plaintiff has adequately alleged demand futility, documents and information obtained pursuant to paragraph 3 of this Stipulation shall not be used to supplement Plaintiff's allegations of demand futility absent an order of the Court permitting such use. Plaintiff agrees not to use the existence of paragraph 3 of this Stipulation, the substance of any documents or discovery produced pursuant to paragraph 3 of this Stipulation, and/or any documents or information obtained or developed as a result of any documents or discovery produced pursuant to paragraph 3 of this Stipulation as support for any argument that Plaintiff is otherwise entitled to use the documents to supplement allegations of demand futility.

5. Notwithstanding the stipulated stay, Plaintiff shall be permitted to file an amended complaint during the pendency of the stay, subject to the provisions in paragraph 4 above. Defendants shall be under no obligation to respond to any complaint while the stay is in effect.

6. Counsel for Defendants will promptly notify Plaintiff's counsel if any Defendants are served or were served with any other related derivative actions, and Plaintiff's counsel shall notify Defendants' counsel in the event Plaintiff's counsel becomes aware of any other related derivative actions.

7. If Defendants engage in any settlement conferences or mediations in any shareholder derivative actions initiated on behalf of CV Sciences based on any of the same or similar set of facts as those alleged in this Action, including, but not limited to, *Ruth v. Mona, Jr., et al.*, Case No. 2:15-cv-00481-RFB-VCB, pending in the United States District Court, District of Nevada as well as *Depoti v. Dowling, et al.*, Case No. A-18-782513-C, pending in the District Court, Clark County

Nevada, *Radcliffe v. Dowling, et al.*, Case No. A-19-794377-B, pending in the District Court, Clark County Nevada, *Tarangelo v. Dowling, et al.*, Case No. A-19-789153-B, pending in the District Court, Clark County Nevada, *Menna v. Dowling, et al.*, Case No. 202100019613 pending in California Superior Court,  San Diego Division, *Berry v. Dowling, et al.*, Case No. 3:20-cv-01072-AJB-DEB, pending in the United States District Court for the Southern District of California ("Related Derivative Actions"), Defendants agree to provide Plaintiff with reasonable advance notice of such settlement conferences or mediations and shall invite Plaintiff to participate in such settlement conferences or mediations.

8.    In the event that any documents are or were produced to any other CV Sciences shareholder who has filed a shareholder derivative action on behalf of CV Sciences, or demanded the inspection of books and records of CV Sciences, based on any of the same or similar set of facts as those alleged in this Action, Defendants agree to promptly produce those documents to Plaintiff.

9.    The provision of discovery materials pursuant to this Stipulation will not constitute a waiver of, or in any way limit, Defendants' right to file a motion to dismiss, or other appropriate challenge, arguing that Plaintiff fails to adequately plead demand futility or make a pre-suit demand, or Defendants' right to argue that Plaintiff is not entitled to conduct formal discovery prior to establishing that he has adequately alleged standing.

///

///

///

///

///

///

///

///

///

///

///

10. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein, including the right to pursue and/or oppose formal discovery and/or file any motion any party deems appropriate once this case is no longer temporarily stayed.

**IT IS SO STIPULATED.**

Dated this 31ˢᵗ day of January, 2022.

| **LEVERTY & ASSOCIATES LAW CHTD.** | **PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP** |
|---|---|
| */s/ Patrick R. Leverty, Esq.* | */s/ Jeffery A. Garofalo, Esq.* |
| Patrick R. Leverty (Nev. Bar 8840) | JEFFERY A. GAROFALO (NV Bar No. 7345) |
| Reno Gould House | S. TODD NEAL (Pro Hac Vice) |
| 832 Willow Street | ERIC A. PLOURDE (Pro Hac Vice) |
| Reno, NV 89502 | 10000 W. Charleston Boulevard, Suite 140 |
| Telephone: 775.322.6636 | Las Vegas, NV 89135 |
| Facsimile: 775.322.3953 | Telephone: 702.216.2684 |
| pat@levertylaw.com | Facsimile: 619.788.5500 |
| | Las Vegas, NV 89169 |
| And | |
| **THE BROWN LAW FIRM, P.C.** | *Attorneys for* CV SCIENCES, INC., MICHAEL MONA JR., MICHAEL MONA III, JOSEPH D. DOWLING, JAMES MCNULTY, GARY SLIGAR, STEPHEN M. SCHMITZ, EDWARD A WILSON, BART P MACKAY, and LARRY RASKIN |
| Timothy Brown (Pro Hac Vice) | |
| 767 Third Avenue, Suite 2501 | |
| New York, NY 10017 | |
| Telephone: 516.922.5427 | |
| Facsimile: 516.344.6204 | |
| tbrown@thebrownlawfirm.net | |
| *Counsel for PLAINTIFF* | |

## ORDER

**PURSUANT TO THE PARTIES' STIPULATION, IT IS HEREBY ORDERED THAT:**

1. All proceedings in this Action and any related derivative actions in this Court shall be stayed until March 3, 2022, the date that the stay will be over, but any of the Parties to this Stipulation can request that the Court lift the voluntary stay upon good cause shown by giving the other party a ten (10) day notice that they believe that good cause exists to lift the voluntary stay of the Action and thereafter bringing the matter to the Court's attention and requesting that the stay of the Action be lifted.

2. Within thirty (30) days after March 3, 2022, the date that the stay will be over, the Parties in this Action will meet and confer in good faith to determine a schedule for the Action going forward, and will submit a proposed scheduling stipulation for this Court's review and approval, which shall include a deadline for Defendants to respond to Plaintiff's operative complaint.

3. Defendants shall make available to Plaintiff, subject to the entry of an appropriate protective order and the other provisions of this Stipulation: (i) copies of all documents and written responses to discovery requests that were or are produced to the plaintiffs in each of the Federal Securities Actions in the form and manner in which such documents were or are produced to the plaintiffs in the Federal Securities Actions; (ii) all written agreements regarding the scope of discovery that was produced or to be produced by defendants in each of the Federal Securities Actions; and (iii) all deposition transcripts that was or is generated in each of the Federal Securities Actions. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery. Defendants will provide the materials set forth herein to Plaintiff within ten (10) business days of providing them to the respective plaintiffs in the Federal Securities Actions in the case of (i) and (ii), and within ten (10) business days of receiving the final transcript in the case of (iii).

4. Plaintiff agrees that, prior to a finding at the pleading stage that Plaintiff has adequately alleged demand futility, documents and information obtained pursuant to paragraph 3 of this Stipulation shall not be used to supplement Plaintiff's allegations of demand futility absent an order of the Court permitting such use. Plaintiff agrees not to use the existence of paragraph 3 of this

7

Stipulation, the substance of any documents or discovery produced pursuant to paragraph 3 of this Stipulation, and/or any documents or information obtained or developed as a result of any documents or discovery produced pursuant to paragraph 3 of this Stipulation as support for any argument that Plaintiff is otherwise entitled to use the documents to supplement allegations of demand futility.

5.    Notwithstanding the stipulated stay, Plaintiff shall be permitted to file an amended complaint during the pendency of the stay, subject to the provisions in paragraph 4 above. Defendants shall be under no obligation to respond to any complaint while the stay is in effect.

6.    Counsel for Defendants will promptly notify Plaintiff's counsel if any Defendants are served or were served with any other related derivative actions, and Plaintiff's counsel shall notify Defendants' counsel in the event Plaintiff's counsel becomes aware of any other Related Derivative Actions.

7.    If Defendants engage in any settlement conferences or mediations in any shareholder derivative actions initiated on behalf of CV Sciences based on any of the same or similar set of facts as those alleged in this Action, including, but not limited to any of the Related Derivative Actions, Defendants agree to provide Plaintiff with reasonable advance notice of such settlement conferences or mediations and shall invite Plaintiff to participate in such settlement conferences or mediations.

8.    In the event that any documents are or were produced to any other CV Sciences shareholder who has filed a shareholder derivative action on behalf of CV Sciences, or demanded the inspection of books and records of CV Sciences, based on any of the same or similar set of facts as those alleged in this Action, Defendants agree to promptly produce those documents to Plaintiff.

9.    The provision of discovery materials pursuant to this Stipulation will not constitute a waiver of, or in any way limit, Defendants' right to file a motion to dismiss, or other appropriate challenge, arguing that Plaintiff fails to adequately plead demand futility or make a pre-suit demand, or Defendants' right to argue that Plaintiff is not entitled to conduct formal discovery prior to establishing that he has adequately alleged standing.

///

///

///

10.     By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein, including the right to pursue and/or oppose formal discovery and/or file any motion any party deems appropriate once this case is no longer temporarily stayed.

**IT IS SO ORDERED.**


**IT IS SO ORDERED.**

Dated this ___7___ day of March, 2022.


_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

STIPULATION AND [PROPOSED] ORDER CONCERNING A STAY OF THE ACTION
120416-00000016/5588951.1                                    CASE NO. 2:18-CV-02284-GMN-NJK